1  SARAH BRYAN FASK, PA Bar No. 306549
   sfask@littler.com
2  1601 Cherry Street
   Suite 1400
3  Philadelphia, Pennsylvania 19102
   Telephone:   267.402.3070
4  Facsimile:   267.402.3131
   *ADMITTED PRO HAC VICE*
5
   COURTNEY CHAMBERS, Bar No. 184429
6  cchambers@littler.com
   LITTLER MENDELSON, P.C.
7  333 Bush Street
   34th Floor
8  San Francisco, California  94104
   Telephone:   415.433.1940
9  Facsimile:   415.399.8490

10 Attorneys for Defendants
   HERRON PAINTING CO._,_ et al.
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 | DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, *et al.*, | Case No.  3:23-CV-00458-TSH |
16 | | |
   | | **LITTLER MENDELSON, P.C.'S NOTICE AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS HERRON PAINTING CO., *ET AL.*** |
17 | Plaintiffs, | |
18 | v. | |
19 | HERRON PAINTING CO., a California Partnership, *et al.*, | Date:    May 9, 2024
   Time:    10:00 a.m.
20 | | Courtroom:  E, 15th Floor
   Judge:    Hon. Thomas S. Hixson |
21 | Defendants. | |
22 | | Complaint Filed: February 1, 2023
   Trial Date:      September 16, 2024 |

23

24

25

26

27

28

NOM AND MOTION TO WITHDRAW AS COUNSEL                           (Case No.  3:23-CV-00458-TSH)

**NOTICE OF MOTION TO WITHDRAW AS COUNSEL**

PLEASE TAKE NOTICE that on May 9, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom E, 15th Floor of the above-referenced Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Littler Mendelson, P.C. and its attorneys Sarah Bryan Fask and Courtney Chambers ("Littler"), respectfully move this Honorable Court for leave to withdraw as counsel of record for Defendants Herron Painting Co., Herron Painting, Inc., Kevin Herron, and Dora Herron ("Defendants").

Littler makes this Motion pursuant to California Rule of Professional Conduct 1.16(b) and Local Rule 11-5. Littler seeks to withdraw as Defendants' counsel of record based on professional considerations requiring termination of representation in circumstances where withdrawal is appropriate. Littler's Motion is made based on this Notice of Motion, the Memorandum of Points and Authorities below, and the Declaration of Courtney Chambers in support of Littler's Motion to Withdraw.

Pursuant to Local Rule 11-5, Littler provided notice of its Motion to Defendants and all Parties.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Littler Mendelson, P.C., and all of its attorneys of record in this matter, including Sarah Bryan Fask and Courtney Chambers (collectively "Littler"), submit the following Memorandum of Points and Authorities in support of its Motion to Withdraw as Counsel for Defendants Herron Painting Co., Herron Painting, Inc., Kevin Herron, and Dora Herron (collectively "Defendants").

This Motion is being brought on the grounds that the attorney-client relationship has deteriorated as Defendants have breached their contractual obligations outlined in the Engagement Agreement (the "Agreement") they entered into with Littler and have rendered it unreasonably difficult for Littler to carry out its representation effectively. The Agreement Defendants entered into with Littler on April 5, 2023, provides that Littler "require[s] [Defendants'] cooperation in connection with [their] representation," and Littler may withdraw from further representation in a manner consistent with its ethical obligations if Defendants "fail in [their] payment or cooperation obligations." (Declaration of Courtney Chambers ("Chambers Decl.") at ¶ 2.)

The granting of this Motion is supported by Defendants' breach of its breach of its contractual obligations to Littler, the California Rules of Professional Conduct, and case authority.

## II. GROUNDS FOR WITHDRAWAL OF REPRESENTATION

### A. Legal Standard

Northern District of California Local Civil Rule 11-5 governs attorney withdrawals in civil matters. The Rules state: "Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Littler makes this Motion pursuant to Local Civil Rule 11-5.

California Rule of Professional Conduct 1.16 further governs withdraws of counsel. Withdrawal in the present case is justified by the following subsections of Rule 1.16:

- (b)(4): "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."
- (b)(5): "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."

### B. The Court Should Grant Littler's Motion to Withdraw As Counsel As Defendants Are No Longer In Contact with Littler.

Littler has attempted to contact Defendants multiple times since mid-February and has been unsuccessful in its attempts to communicate with Defendants. (Chambers Decl., ¶¶ 7-11.) The parties attended a Court mandated settlement conference on February 14, 2024, with Judge Lisa J. Cisneros. (*Id.,* at ¶ 6.) The settlement conference was unsuccessful, but the parties agreed to schedule a second settlement conference after Defendants provided specific documentation required to establish a hardship exception for the alleged payments owed to Plaintiffs. (*Id.*) These documents were due to opposing counsel on March 6, 2024, and the second settlement conference is scheduled for April 18, 2024. (*Id.*) Littler has contacted Defendants multiple times, both via email and text message, about the status of the documents, but Defendants have not replied. (*Id.,* at ¶¶ 7-11.) Additionally, Littler informed Defendants on three separate occasions of its intent to withdraw as counsel, and Defendants

have not responded. (*Id.,* at ¶¶ 9-11.)  In sum, Defendants have refused to provide Littler with information required for the defense of this case and have stopped all communications with Littler, indicating its intent to no longer participate in the litigation. *See Orange Cnty. Elec. Indus. Health & Welfare Trust Fund v. Moore Elec. Contracting*, 2011 WL 2940311, at *2 (N.D. Cal. July 20, 2011) ("Additionally, the inability to communicate with the client renders Ashman's continued representation unreasonably difficult."); *Leatt Corp. v. Innovative Safety Technology, LLC*, 2010 WL 444708 at *2 (S.D.Cal.2010) ("Rule 3–700(C)(1)(d) of the California Rules of Professional Conduct allows withdrawal where the client 'renders it unreasonably difficult for the [attorney] to carry out the employment effectively.' Refusal to participate in the litigation is undoubtedly one such example."). This comes after Littler has made numerous attempts to contact Defendants seeking the information and the client guidance as to representation.  Given the above, Littler must be permitted to withdraw as counsel of record for Defendant. *See* California Rule of Professional Conduct 1.16(b)(4).

### C. The Court Should Grant Littler's Motion to Withdraw as Counsel for Defendants' Nonpayment of Attorneys' Fees.

It is well settled that failure to pay attorneys' fees provides a sufficient basis on which to grant a request to withdraw. *See Orange Cnty. Elec. Indus. Health & Welfare Trust Fund,* 2011 WL 2940311, at *2; *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 464768, at *2 (N.D. Cal. Feb. 24, 2009); *Stewart v. Boeing Co.*, 2013 WL 3168269, *2 (C.D. Cal. Jun. 19, 2013) (permitting unpaid attorney to withdraw even though no substitute counsel had been retained and stating "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation.").  Here, Defendants expressly agreed that it would pay the monthly attorneys' fees and expenses incurred by Littler upon presentation of the billing statement to it. (Chambers Decl., ¶ 2.) Defendants further agreed that Littler reserved the right to withdraw from further representation if the Defendants failed in its payment or cooperative obligations. (*Id*.)  However, despite Littler providing it with monthly invoices and repeatedly requesting Defendants to stay up to date on their payments, the Defendants have not paid all fees and expenses incurred by Littler. (*Id*. at ¶ 5.)

Therefore, Defendants have materially breached its obligation under the Agreement and the Court should grant Littler's request to withdraw as counsel in this matter.

### D. Littler Has Complied With Its Obligations Under Local Rules 11-5 and 3-9.

In compliance with Local Rule 11-5, and in addition to the notices listed above, Littler provided Defendants with a final written notice on March 25, 2024 (the "Final Notice" of its intent move to withdraw as counsel. (Chambers Decl., ¶ 11.) To date, Littler has not received a response. (*Id.*)

On March 29, 2024, Littler gave written notice to Plaintiffs' counsel that it would be filing this motion to withdraw as Defendant's attorney of record and asked if Plaintiff intended to oppose Littler's Motion. (*Id*. at ¶ 14.)

### E. Littler Has Taken Reasonable Steps to Avoid Prejudice to Defendants.

Littler has taken all appropriate measures to ensure that neither Defendants nor Plaintiffs will suffer prejudice as a result of the Court granting Littler's Motion to be relieved as its counsel. There are no pending motions. (*Id*. at ¶ 15.) To date, Littler has engaged Plaintiffs in settlement discussions, prepared and filed required pleadings on behalf of Defendants, including Defendants' initial disclosures and case management statements, and Littler has attended required court appearances on Defendants' behalf. (*Id*. at ¶ 4.) Littler has given Defendants ample notice of its intent to withdraw, including asking if Defendants would like to discuss next steps. Pursuant to the Parties' current stipulation, trial is currently set for February 3, 2025. (Dkt. 36.)

### F. To Prevent Any Injustice, Littler Requests that the Court Continue Dates.

Littler requests all dates, specifically the settlement conference scheduled for April 19, 2024, be continued for a reasonable period of time to permit Defendants to substitute in new Counsel of Record. Good cause exists to permit this continuance, as Defendant Herron Painting Company is a corporation that must be represented by counsel. The interests of justice are not served by permitting any confusion caused by Littler's termination to operate to prejudice the litigants, particularly where it is impossible for Littler to continue as counsel of record. Plaintiff will suffer no appreciable prejudice through a short continuance of these dates. The continuance will serve the interests of justice in permitting Defendants to substitute counsel of its choice for continued defense of this action.

## III. CONCLUSION

For the foregoing reasons, Littler respectfully requests that the Court grant its motion to withdraw as Defendants' counsel of record in this action.

Dated: April 1, 2024

        */s/ Courtney Chambers*
        SARAH BRYAN FASK
        COURTNEY CHAMBERS
        LITTLER MENDELSON, P.C.

        Attorneys for Defendants
        HERRON PAINTING CO., et al.

4889-0469-4369v2/120391.1001