1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   DISTRICT COUNCIL 16 NORTHERN              Case No.  23-cv-00458-TSH
     CALIFORNIA HEALTH AND WELFARE
11   TRUST FUND, et al.,
                                               ORDER GRANTING MOTION TO
12              Plaintiffs,                     WITHDRAW AS COUNSEL WITH
                                               CONDITIONS
13          v.
                                               Re: Dkt. No. 37
14   HERRON PAINTING CO., et al.,

15              Defendants.

16

17                          I.      INTRODUCTION

18          Littler Mendelson, P.C. and its attorneys Sarah Bryan Fask and Courtney Chambers move

19   to withdraw as counsel for Defendants Herron Painting Co., a California Partnership, Defendant

20   Kevin Herron individually and doing business as Herron Painting Co. (a sole proprietorship),

21   Defendant Herron Painting, Inc., a FTB Suspended California Corporation, and Defendant Dora

22   Herron (collectively, "Defendants") pursuant to California Rule of Professional Conduct 1.16(b)

23   and Civil Local Rule 11-5.  ECF No. 37.  No opposition has been filed.  The Court finds this

24   matter suitable for disposition without oral argument and **VACATES** the May 9, 2024 hearing.

25   *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **GRANTS** the motion.  All deadlines

26   in this case are **STAYED** pending further order from the Court.

27

28

United States District Court
Northern District of California

## II.  BACKGROUND

Plaintiffs[1] filed this case on January 31, 2023 under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, alleging Defendants failed to report and pay required contributions and to pay union dues under the parties' bargaining and trust agreements. Littler Mendelson has represented Defendants throughout the litigation.

Littler filed the present motion on April 1, 2024, on the grounds that Defendants have breached their contractual obligations outlined in the parties' April 5, 2023 Engagement Agreement and have rendered it unreasonably difficult for Littler to carry out its representation effectively.  The agreement provides that Littler "require[s] [Defendants'] cooperation in connection with [their] representation," and Littler may withdraw from further representation in a manner consistent with its ethical obligations if Defendants "fail in [their] payment or cooperation obligations."  Chambers Decl. ¶ 2, ECF No. 37-1.

## III.  LEGAL STANDARD

Civil Local Rule 11–5(a) provides that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  When addressing a motion to withdraw, the consent of the client is not dispositive.  *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010)).  Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case.  *Id.*

Additionally, Civil Local Rule 11–4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California.  *See also Nehad v.*

---

[1] Plaintiffs are the District Council 16 Northern California Health and Welfare Trust Fund; Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund and Annuity Plan; District Council 16 Northern California Journeyman and Apprentice Training Trust Fund, Robert Williams, John Maggiore, Robert Williams, and Sal Madrigal.

United States District Court
Northern District of California

1   *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to

2   attorney withdrawal).  Counsel must take steps to avoid reasonably foreseeable prejudice to the

3   rights of the client, including giving sufficient notice to the client to allow time for employment of

4   other counsel, complying with Rule of Professional Conduct 1.16(e) (regarding the return of all

5   client materials and property), and complying with all other applicable laws and rules.  *El Hage v.*

6   *U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

7                                  **IV.   DISCUSSION**

8          Based on the record in this case, the Court finds withdrawal is appropriate.  California Rule

9   of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may

10  properly seek to withdraw from a representation, including when "the client by other conduct

11  renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal.

12  Rule of Prof. Conduct 1.16(b)(4).  Littler has attempted to contact Defendants multiple times since

13  mid-February and has been unsuccessful in its attempts to communicate with them.  Chambers

14  Decl. ¶¶ 7-11.  The parties did attend a settlement conference with Magistrate Judge Lisa J.

15  Cisneros on February 14, 2024.  ECF No. 34.  According to Littler, the settlement conference was

16  unsuccessful, but the parties agreed to schedule a second settlement conference after Defendants

17  provided specific documentation required to establish a hardship exception for the alleged

18  payments owed to Plaintiffs.  Chambers Decl. ¶ 6.  These documents were due to opposing

19  counsel on March 6 and the second settlement conference was scheduled for April 18, 2024.  *Id.*

20  Littler has contacted Defendants multiple times about the status of the documents, both via email

21  and text message, but Defendants have not replied.  *Id.* ¶¶ 7-11.  Additionally, Littler informed

22  Defendants on three separate occasions of its intent to withdraw as counsel, but Defendants have

23  not responded.  *Id.* ¶¶ 9-11.  The Court finds Defendants' failure to provide Littler with

24  information required for the defense of this case and failure to communicate in any way with

25  Littler provides good cause to permit Littler's withdrawal from this case.  *See Johnson v. GTD*

26  *Ventures, LLC*, 2022 WL 2342646, at *2 (N.D. Cal. June 29, 2022) (granting motion to withdraw

27  under Rule 1.16(b)(4) due to "irretrievable breakdown of communication"); *Tabak v. Apple, Inc.*,

28  2021 WL 6332780, at *2 (N.D. Cal. Dec. 9, 2021) (granting withdrawal under Rule 1.16(b)(4) due

United States District Court
Northern District of California

1   to "breakdown in communication"); *Harman v. Ahern*, 2015 WL 4043244, at *2 (N.D. Cal. July 1,

2   2015) (failure to communicate constitutes good cause for withdrawal); *Ortiz v. Freitas*, 2015 WL

3   3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his

4   counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal.");

5   *Orange Cty. Elec. Indus. Health & Welfare Trust Fund v. Moore Elec. Contracting*, 2011 WL

6   2940311, at *2 (N.D. Cal. July 20, 2011) ("Additionally, the inability to communicate with the

7   client renders Ashman's continued representation unreasonably difficult.").

8        Rule 1.16 also provides that counsel may seek to withdraw from representation when a

9   "client breaches a material term of an agreement with, or obligation, to the lawyer relating to the

10   representation." Cal. Rule of Prof. Conduct 1.16(b)(5). It is well settled that failure to pay

11   attorneys' fees provides a sufficient basis on which to grant a request to withdraw. *See Orange*

12   *Cty. Elec. Indus. Health & Welfare Trust Fund*, 2011 WL 2940311, at *2; *Kannan v. Apple Inc.*,

13   2020 WL 75942, at *2 (N.D. Cal. Jan. 7, 2020) (granting motion to withdraw where plaintiff "has

14   refused or failed to pay costs and fees incurred during the past two and a half months."); *St.*

15   *Matthews Baptist Church of Livermore, Inc. v. Found. Cap. Res., Inc.*, 2015 WL 527669, at *2

16   (N.D. Cal. Feb. 6, 2015) ("The Court finds that St. Matthew's failure to pay attorney's fees

17   constitutes good cause for withdrawal."). Here, Defendants expressly agreed they would pay the

18   monthly attorneys' fees and expenses incurred by Littler. Chambers Decl. ¶ 2. Defendants further

19   agreed that Littler reserved the right to withdraw from further representation if Defendants failed

20   in its payment or cooperative obligations. *Id.* However, despite Littler providing monthly

21   invoices and repeatedly requesting Defendants stay up to date on their payments, Defendants have

22   failed to pay fees and expenses incurred by Littler. *Id.* ¶ 5. This also constitutes good cause for

23   withdrawal.

24        Littler has also complied with the requirements of Civil Local Rule 11-5(a) and the

25   California Rules of Professional Conduct by providing reasonable advance notice to Defendants of

26   their intent to withdraw as counsel of record and by providing reasonable time for Defendants to

27   obtain substitute counsel.

28        Based on this record, the Court finds good cause exists to permit Littler's withdrawal.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   However, corporations such as Herron Painting, Inc. can only appear through licensed counsel.

2   *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S.

3   194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation

4   may appear in the federal courts only through licensed counsel.") (citations omitted); *Bourbeau v.*

5   *Cognitive Code Corp.*, 693 F. App'x 499, 503 (9th Cir. 2017) (affirming district court's dismissal

6   based on corporation's failure to retain counsel).  As it is unclear if Defendants are aware of this

7   requirement, the Court shall grant Littler's motion to withdraw on the condition that it remain

8   counsel of record to serve all filed documents on Defendants until the corporate entities retain

9   alternate counsel as provided by Civil Local Rule 11-5(b).  Defendants must file substitution of

10  counsel by May 17, 2024.  Defendants are advised that failure to retain substitute counsel could

11  result in the entry of default judgment against the corporate entities.  *See Emp. Painters' Trust v.*

12  *Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where

13  corporate defendant failed to obtain substitute counsel); *United States v. High Country Broad. Co.,*

14  *Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same).

15  ## V.   CONCLUSION

16          For the reasons stated above, the Court **GRANTS** Littler Mendelson, P.C.'s motion to

17  withdraw as counsel for Defendants.  However, because Defendants have not consented to the

18  withdrawal and no substitution of counsel has been filed on their behalf, the motion is granted on

19  the condition that Littler remain counsel of record to serve all filed documents on Defendants until

20  a substitution of counsel is filed.  *See* Civ. L.R. 11-5(b).  For all such documents, Defendants shall

21  e-file proof of service within three business days of filing.

22          Because corporations may not appear in federal court except by counsel, Defendants have

23  until May 17, 2024 to find substitute counsel for the corporate entities.  Defendants are advised

24  that failure to retain substitute counsel could result in the entry of default judgment against them.

25  All deadlines in this case are **STAYED** pending further order from the Court.

26          As the individual defendants may choose to represent themselves, the Court directs their

27  attention to the Handbook for Litigants Without a Lawyer, which is available at the Clerk's Office

28  or online at http://cand.uscourts.gov/prosehandbk.  Defendants may also wish to seek assistance

from the Legal Help Center, a free service of the Volunteer Legal Services Program, by emailing

fedpro@sfbar.org or calling 415-782-8982, or by signing up for an appointment on the15th Floor

of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.

At the Legal Help Center, you will be able to speak with an attorney who may be able to provide

basic legal help but not representation.  More information is available at

http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**


Dated: April 19, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California