UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HERRON PAINTING CO., et al.,<br><br>Defendants. | Case No. 23-cv-00458-TSH<br><br>**ORDER RE: ADMINISTRATIVE MOTION FOR RELIEF FROM REMAINING CONDITIONS AS COUNSEL OF RECORD ON BEHALF OF PRIOR CLIENTS**<br><br>Re: Dkt. No. 78 |

## I.   INTRODUCTION

Littler Mendelson, P.C. and its attorneys of record in this matter, Sarah Bryan Fask and Courtney Chambers, move for relief from the remaining conditions as counsel of record on behalf of their former clients Defendants Herron Painting Co., a California Partnership, Defendant Kevin Herron individually and doing business as Herron Painting Co. (a sole proprietorship), Defendant Herron Painting, Inc., a FTB Suspended California Corporation, and Defendant Dora Herron (collectively, "Defendants") pursuant to Civil Local Rule 7-11.  ECF No. 78.  No opposition has been filed.  The Court finds this matter suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **DENIES** the motion.

## II.   BACKGROUND

Plaintiffs[1] filed this case on January 31, 2023 under the Employee Retirement Income

---

[1] Plaintiffs are the District Council 16 Northern California Health and Welfare Trust Fund; Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund and Annuity Plan; District Council 16 Northern California Journeyman and Apprentice Training Trust Fund, Robert Williams, John Maggiore, Robert Williams, and Sal Madrigal.

1   Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, alleging Defendants failed to report and pay

2   required contributions and to pay union dues under the parties' bargaining and trust agreements.

3   Littler Mendelson represented Defendants.

4       On April 1, 2024, Littler moved to withdraw as counsel for Defendants on the grounds that

5   Defendants had breached their contractual obligations outlined in the parties' April 5, 2023

6   Engagement Agreement and had rendered it unreasonably difficult for Littler to carry out its

7   representation effectively.  ECF No. 37; First Chambers Decl. ¶ 2, ECF No. 37-1.  On April 19,

8   2024, the Court granted Littler's motion to withdraw as counsel for Defendants.  ECF No. 41.

9   However, because Defendants did not consent to the withdrawal and no substitution of counsel

10  was filed on their behalf, the Court granted the motion "on the condition that Littler remain

11  counsel of record to serve all filed documents on Defendants until a substitution of counsel is

12  filed."  *Id.* at 5.  *See* Civ. L.R. 11-5(b).

13      On April 9, 2025, Littler filed the instant administrative motion requesting relief from any

14  remaining conditions as counsel of record on behalf of former client-defendants Herron Painting

15  Co., Herron Painting, Inc., Kevin Herron, and Dora Herron, including to lift any remaining

16  conditions that Littler remain counsel of record on whom to serve filed documents for Defendants.

17  ECF No. 78; Second Chambers Decl. ¶ 2, ECF No. 78-1.  Ms. Chambers avers that to date,

18  Defendants have not substituted in another law firm to handle this case on their behalf to date, and

19  Littler is not aware of whether Defendants have found new counsel.  Second Chambers Decl. ¶ 5.

20  ### III.  DISCUSSION

21      Under Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by

22  order of Court after written notice has been provided, reasonably in advance, to the client and to

23  all other parties who have appeared in the case."  Civ. L.R. 11-5(a).  "When withdrawal by an

24  attorney from an action is not accompanied by simultaneous appearance of substitute counsel or

25  agreement of the party to appear pro se, leave to withdraw may be subject to the condition that

26  papers may continue to be served on counsel for forwarding purposes, unless and until the client

27  appears by other counsel or pro se."  Civ. L.R. 11-5(b).  Entities such as Herron Painting, Inc. and

28  Herron Painting Co. can only appear through licensed counsel.  *See* Civ. L.R. 3-9(b); *Rowland v.*

*Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); *Bourbeau v. Cognitive Code Corp.*, 693 F. App'x 499, 503 (9th Cir. 2017) (affirming district court's dismissal based on corporation's failure to retain counsel).

As discussed above, the Court granted Littler's motion to withdraw "on the condition that Littler remain counsel of record to serve all filed documents on Defendants until a substitution of counsel is filed." *Id.* at 5.  In the Court's order granting Littler's motion to withdraw, the Court directed Defendants to file substitution of counsel by May 17, 2024 and advised Defendants "that failure to retain substitute counsel could result in the entry of default judgment against the corporate entities." ECF No. 41 at 5.  The Court later extended the deadline to find substitute counsel to June 7, 2024.  ECF No. 45.  Plaintiffs requested entry of default against the entity Defendants on June 13, 2024.  ECF No. 53.  On June 14, 2024, the Court entered default against Defendants Herron Painting Co. and Herron Painting, Inc.  ECF Nos. 55, 56.  On April 3, 2025, Plaintiffs filed a motion for default judgment against the entity Defendants and a motion for summary against the individual Defendants.  ECF Nos. 67, 72.  Plaintiffs' motions for default judgment and for summary judgment are currently pending before the Court.

Littler argues that the Court should lift any remaining conditions that Littler remain counsel of record on whom to serve filed documents for Defendants because Defendants "have had ample time and opportunity" to become aware of the requirement that they secure new counsel and to secure new counsel.  Mot. at 3.  The Court agrees that Defendants have had ample time to obtain new counsel.  However, it nonetheless remains the case that none of the Defendants have filed a notice of appearance for substitute counsel, nor have the individual Defendants agreed to appear pro se.  Consequently, the only contact information on file with the Court is that of Defendants' former counsel, Littler attorneys Courtney Chambers and Sarah Bryan Fask.  Relieving Littler from its obligation to serve filed documents on Defendants would thus leave the Court without any means of providing notice to Defendants of filings in this matter, including potential judgments against Defendants.  Accordingly, Littler's motion must be denied.

3

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Littler's motion. Littler shall remain counsel of record to serve all filed documents on Defendants unless and until a substitution of counsel is filed. *See* Civ. L.R. 11-5(b). For all such documents, Littler shall file proof of service within three business days of filing.

**IT IS SO ORDERED.**

Dated: May 19, 2025

THOMAS S. HIXSON
United States Magistrate Judge